**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KATHLEEN F. TRURAN,

                Plaintiff,                CASE NO. 16-10862
                                        HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

**OPINION AND ORDER ADOPTING REPORT AND**
**RECOMMENDATION [#25] TO GRANT DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT [#23] AND TO DENY**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#19]**

**I.    BACKGROUND**

This matter is before the Court on a Report and Recommendation (Doc # 25) filed by Magistrate Judge Anthony P. Patti to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") (Doc # 23) and to deny the Motion for Summary Judgment filed by Plaintiff Kathleen F. Truran ("Truran") (Doc # 19). Truran has timely filed two objections to the Report and Recommendation. (Doc # 26) The Commissioner has filed a response to the objections. (Doc # 27) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid

objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ACCEPTS and ADOPTS the Report and Recommendation, GRANTS the Commissioner's Motion for Summary Judgement, and DENIES Truran's Motion for Summary Judgment.

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

## II.     ANALYSIS

### A.     Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

## B.    Truran's Objections

### 1.    First Objection

Truran first objects to the Magistrate Judge's analysis of Truran's "possible fibromyalgia" diagnosis, arguing that it adopts the errors made by the administrative law judge ("ALJ") and compounds them by imputing analysis to the ALJ.  The Commissioner responds that the Magistrate Judge correctly found that substantial evidence supported the ALJ's evaluation of Truran's "possible fibromyalgia."  At Step 2, the ALJ concluded that the claimant had several severe impairments.  (Doc # 15-2, Pg ID 85)  However, the ALJ found that the diagnosis of "possible fibromyalgia" was a non-severe impairment.  *Id.* at 86.

The Court agrees with the Magistrate Judge that the ALJ did not consider the "possible fibromyalgia" diagnosis to be a non-medically determinable impairment. Rather, the ALJ considered the "possible fibromyalgia" diagnosis to be a medically determinable but non-severe impairment.  The Court further agrees with the Magistrate Judge that, even if the alternative criteria for diagnosing fibromyalgia under Social Security Ruling 12-2p applied to determine whether Truran's "possible fibromyalgia" diagnosis was a severe impairment at Step 2, Truran has not come forward with evidence of the third criterion—that other disorders that could cause pain, numbness, and fatigue (such as Truran's diagnosis of chronic fatigue syndrome) were excluded.  The Court also agrees with the Magistrate

Judge that, to the extent the ALJ made any error at Step 2, any such error was harmless because the ALJ found that Truran had several severe impairments and then considered Truran's allegations of pain and numbness at Step 4. *See* Doc # 25, Pg ID 712 (citing *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Carpenter v. Astrue*, 537 F. 3d 1264, 1266 (10th Cir. 2008)). The Court finds that substantial evidence supported the ALJ's conclusion at Step 4 that the objective evidence did not support Truran's complaints of pain and numbness. Truran's first objection is overruled.

### 2. *Second Objection*

In her second objection, Truran claims that the Magistrate Judge erred in excusing the ALJ's failure to sufficiently account for the findings of Dr. Kenneth Visser, a consultative examiner, when assessing the impact of Truran's mental impairments on her ability to work. The Commissioner responds that substantial evidence supported the ALJ's analysis of Dr. Visser's consultative exam report.

Dr. Visser conducted a psychological evaluation on May 21, 2012, for the known purpose of use in the disability process. (Doc # 15-8, Pg ID 486) Dr. Visser found that Truran had problems with working memory, concentration, and social interaction. *Id.* at 491. Dr. Visser's report did not include specific functional limitations. Dr. Thomas Conger, the State agency's mental health

consultant, listed Dr. Visser's report as evidence of record. (Doc # 15-3, Pg ID 157-58) Dr. Conger also included Dr. Visser's mental findings in his findings of fact and analysis. *Id.* at 160. The ALJ correctly noted that Dr. Conger opined that Truran is capable of performing routine tasks on a sustained basis, and that she shows the ability to relate effectively in general despite some social difficulties. (Doc # 15-2, Pg ID 91) Dr. Shakra Junejo, the State agency's medical consultant, also listed Dr. Visser's report as evidence of record. (Doc # 15-3, Pg ID 171)

Truran correctly notes that the ALJ did not specifically discuss Dr. Visser's mental findings at Step 4. However, at Step 4, the ALJ did note physical observations that Dr. Visser made during his evaluation, as well as the fact that Dr. Visser's evaluation was for the known purpose of use in the disability process. (Doc # 15-2, Pg ID 90) The ALJ noted that, according to Dr. Visser's report, Truran brought a recorder to Dr. Visser's evaluation. *Id.* The ALJ also found that the absence during a number of visits with treating physicians of some of the physical symptoms that were present during Dr. Visser's evaluation undermined the credibility of Truran's allegations during Dr. Visser's evaluation and at the hearing. *Id.* The ALJ then went on to consider the alleged mental impairments as well as Dr. Conger's report (which incorporated some of Dr. Visser's mental findings) and Dr. Junejo's report. *Id.* at 91-92. The ALJ concluded at Step 4 that Truran "is limited to simple, routine, and repetitive work in a low stress job, which

is defined as having only occasional decision making and occasional changes in the work setting," and that Truran "can have only occasional interaction with the public." *Id.* at 88.

In her second objection, Truran argues that Dr. Visser's assessment of her Residual Functional Capacity ("RFC") should have been considered and addressed. However, Dr. Visser's report did not include specific functional limitations. And notably, Truran fails to explain what additional limitations Dr. Visser's report required in the RFC assessment. In the Sixth Circuit, an ALJ's failure to even mention a report from a treating physician, which is usually entitled to greater weight than that of a consultative examiner, can be harmless error. *See Dykes ex rel. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001)). As discussed by Magistrate Judge Patti, in *Dykes*, the Sixth Circuit found that the ALJ's failure to thoroughly discuss the opinion of a consultative examiner did not warrant reversal. In *Dykes*, the ALJ had not ignored the consultative examiner's opinion altogether, and the record included opinions from other doctors performing RFC assessments that supported the ALJ's conclusion. The same reasoning applies in this case. The ALJ did not ignore Dr. Visser's opinion altogether; he referenced it several times, including at Step 4. This record also includes opinions from other doctors performing RFC assessments, like Dr. Conger's opinion, that

support the ALJ's conclusion. The ALJ appropriately limited Truran to simple, routine, and repetitive work in a low stress job with only occasional interaction with the public. The Court concludes that the ALJ's failure to thoroughly discuss Dr. Visser's mental findings at Step 4 was harmless error. Truran's second objection is overruled.

## III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Anthony P. Patti's Report and Recommendation (Doc # 25) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 23) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Kathleen F. Truran's Motion for Summary Judgment (Doc # 19) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


Dated:  August 23, 2017                          s/Denise Page Hood
                                                 Chief, U.S. District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2017, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Acting in the absence of  LaShawn R. Saulsberry
                                  Case Manager